IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TYRELL KNIGHT, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3029 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 12, the Motion to be released on signature bond filed by the petitioner, Tyrell Knight; and filing no. 13, the Motion to Dismiss filed by the respondent, Robert Houston. The respondent moves to dismiss filing no. 1, Mr. Knight's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), because a motion for postconviction relief in state court is still pending, and exhaustion of the petitioner's state-court remedies is therefore incomplete.

In his § 2254 petition, the petitioner acknowledges that he filed a state postconviction motion, but he contends that the state district court returned the motion to him for failure to file an inmate trust account statement. However, the respondent has presented proof that the state district court received and filed the petitioner's institutional account statement and Post Conviction Motion Corum Nobis on February 7, 2005 (see transcript attached to filing no. 14). The motion remains pending in the state district court (see docket sheet attached to filing no. 14).

Thus, the petitioner has not completed exhaustion of his state-court remedies. His present § 2254 claim of ineffective assistance of counsel is only now being considered by the state district court and has not been presented to the Nebraska appellate courts. If the state district court denies postconviction relief and the petitioner fails to file a timely appeal of the state court's postconviction decision, he risks a finding in this court that he did not fully exhaust the issues raised on postconviction review. If so, the petitioner could face a corresponding finding that his § 2254 claims are barred in this court as procedurally defaulted.

In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the United States Supreme Court explained: "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues **by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief.** Id. at 845 (emphasis added). "One complete round" means an appeal to the Nebraska Court of

Appeals, followed by a petition for further review in the Nebraska Supreme Court if the Court of Appeals rules against the petitioner.

In addition, as long as the petitioner is involved in postconviction proceedings in the state courts, including through an appeal to the Nebraska Court of Appeals and a petition for further review to the Nebraska Supreme Court, the statute of limitations for his federal § 2254 petition will be tolled. 28 U.S.C. § 2244(d)(2) directs that the habeas corpus one-year statute of limitations shall not run while a habeas petitioner exhausts any available state postconviction remedies. See Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). Accord Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001): In calculating the limitations period, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State postconviction or other collateral review ... is pending shall not be counted." Id.

Therefore, the court will dismiss this case and the petitioner's § 2254 petition, without prejudice. If the petitioner chooses not to exhaust his postconviction claims by filing a timely appeal, followed by a petition for further review, he may file another § 2254 petition in this court together with a motion to proceed in forma pauperis. However, if he takes that course, the petitioner risks the bar of procedural default in this court of his claims raised in the postconviction action. If the petitioner does elect to complete exhaustion of state court remedies, he should, of course, refile his § 2254 petition in this court, if he still needs relief, immediately after conclusion of state postconviction proceedings in the Nebraska appellate courts.

IT IS THEREFORE ORDERED:

1. That filing no. 13, the respondent's Motion to Dismiss, is granted, and filing no. 12, the petitioner's Motion to be released on signature bond, is denied as moot; and

2. That a separate judgment will be filed in accordance with this Memorandum and Order.

DATED this 5th day of May, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge